UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81069-DIMITROULEAS/MATTHEWMAN

MATA CHORWADI, INC. D/B/A
HOMING INN, KIRIT SHAH,
and DIPIKA SHAH,

Plaintiffs,

vs.

CITY OF BOYNTON BEACH,

Defendant.
_____/

FILED BY ___KJZ___ D.C.

May 18, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER [DE 52]
AND DENYING AS MOOT PLAINTIFFS' MOTION TO COMPEL [46]
AND DEFENDANT'S MOTION TO COMPEL [45]**

THIS CAUSE is before the Court on Plaintiffs' Motion for a Protective Order [DE 52], Defendant's Motion to Compel [DE 45], and Plaintiffs' Motion to Compel [DE 46]. This matter was referred to the undersigned by the Honorable William Dimitrouleas, United States District Judge. *See* DE 38. All motions are fully briefed, and the Court held a telephonic hearing on April 29, 2020. As such, the matter is ripe for review.[1]

### I. BACKGROUND

This order addresses the sole remaining issue between the parties—i.e., whether this Court should enter a protective order stating that Plaintiffs' financial records shall remain confidential

---

[1] As a preliminary matter, based upon counsel's representations in their Joint Notice [DE 56], in their supplemental briefs [DEs 58, 59], and on the record at the April 29, 2020 hearing that they resolved all other disputes, the Court hereby denies Defendant's Motion to Compel [DE 45] and Plaintiff's Motion to Compel [DE 46] as moot. The parties are ordered to comply with their agreement.

1

while in Defendant's custody or control, notwithstanding Defendant's real or perceived obligations under the Florida Public Records law.[2] The underlying facts are simple. Plaintiffs, the owners of a hotel, have sued Defendant, the City of Boynton Beach pursuant to 42 U.S.C. § 1983 for an alleged violation of the First and Fourteenth Amendments. According to the pleadings, Defendant posted a sign at Plaintiffs' hotel which labels it a "Nuisance Property" because of the volume of 9-1-1 calls placed from the hotel.

During discovery, Defendant served a Request for Production upon Plaintiffs seeking financial documents including bank statements, profit/loss statements, and customer identification documents. All parties agree that these documents are relevant to Defendant's analysis of damages. However, Plaintiffs seek a protective order, arguing that good cause exists to prohibit Defendant from disclosing Plaintiff's financial documents to third parties.

## II.  PROTECTIVE ORDER ANALYSIS

Federal Rule of Civil Procedure 26(c) provides that a court "for good cause shown ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26. "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule." *Farnsworth v. Center for Disease Control*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citations omitted). In evaluating whether a party has satisfied the burden of "good cause," "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Barrata v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth*, 758 F.2d at

---

[2] Florida's Public Records Law, Ch. 119, F.S., provides a right of access to the records of the state and local governments.

2

1547). "Generally, a party moving for a protective order must make a specific demonstration of facts in support of the request, as well as of the harm that will result without a protective order." *Fargeon v. Am. Nat'l Prop. & Cas. Co.*, No. 08-60037-CIV, 2008 WL 11332027, at *4 (S.D. Fla. July 8, 2008) (citing *Dunford v. Rolly Marine Service, Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005)).

Before weighing Defendant's interest in opposing the issuance of a protective order, the Court preliminarily finds that Plaintiffs have sufficiently alleged good cause for a protective order covering the specified documents produced in discovery. The documents at issue are the Plaintiffs' confidential and proprietary financial documents, profit and loss statements, and copies of customer identification. Courts have routinely ordered parties in receipt of this type of information to preserve its confidentiality. *See, e.g. Abdulla v. Chaudhary*, 2014 WL 12617454, at *2 (S.D. Ga. Oct. 15, 2014) (protecting documents that included "private financial information including income, assets and liabilities"); *Graphic Packaging Int'l, Inc.v.C.W. Zumbiel Co.*, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 27, 2010) (sealing documents where "the disclosure of financial information . . . could negatively impact [the party's] pricing with other customers" and holding that a party's "interest in maintaining the confidentiality of its financial information and the terms of its contractual relationship with its customer outweigh the public's interest in accessing the documents").

(A). <u>Federal Protective Order and Florida's Public Records Law</u>

Since Plaintiffs have identified good cause for a protective order to issue, the Court now balances the respective interests. Defendant, a Florida public agency, is clearly entitled to obtain the documents at issue from Plaintiffs during the discovery process. The documents at issue are relevant and proportional under Fed.R.Civ.P. 26(b)(1) and must be produced. However, Defendant

needs to maintain the confidentiality of these discovery documents as they do contain confidential and proprietary financial information of the Plaintiffs. This is where the problem arises as Defendant argues that it will be required to disclose the documents pursuant to Florida Public Records Law if Defendant receives a valid Florida public records request. Although no such public records request has been made to date as to the documents at issue, Defendant opposes the protective order because of the possibility that such a public records request could be made at some future point. Defendant essentially argues that a protective order would place it in a Catch-22—if it is prohibited from disclosing the documents, Defendant would violate the Florida Public Records Law, and if it complied with the Law and disclosed the documents, then Defendant would violate the protective order. Plaintiffs assert that a federal protective order would supersede the Florida Public Records Law pursuant to the Supremacy Clause to the United States Constitution. Thus, Plaintiffs argue that this Court should enter a protective order and that such a protective order would prevail over any Florida Public Records Law request made in the future.

This interesting dispute presents a question of conflict preemption. Conflict preemption occurs when "state law is preempted to the extent that it actually conflicts with federal law." *English v. General Electric Co.*, 496 U.S. 72 at 79 (1990). Conflict preemption exists "where it is impossible for a private party to comply with both state and federal requirements or where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* "[S]ince our decision in *M'Culloch v. Maryland*, [] it has been settled that state law that conflicts with federal law is 'without effect.'" *Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992). *Accord Baptista v. JPMorgan Chase Bank, N.A.*, 640 F.3d 1194, 1197 (11th Cir. 2011) (recognizing "the proper preemption test asks whether there is a significant conflict between the state and federal statutes—that is, the test for conflict preemption"); *see also In re Old Carco*

*LLC*, 470 B.R. 688, 704, 2012 WL 893614 (S.D.N.Y. March 15, 2012) (applying conflict preemption where a federal court order conflicted with state statutory law).

The Court first notes neither party disputes the proposition that Defendant's compliance with a protective order prohibiting the disclosure of the documents would violate the Florida Public Records Law if a lawful request made thereto was propounded upon Defendant. Without issuing a ruling upon this issue, or deciding this issue, the Court notes that section 119.011(12), Fla. Stat., broadly defines public records as "all documents, papers, letters, ... regardless of the physical form, characteristics, or means of transmission, made or received ... in connection with the transaction of official business by any agency." In effect, the definition applies to "almost everything generated or received by a public agency." *Shevin v. Byron*, 379 So.2d 633, 640 (Fla. 1980). Further, section 119.07(1)(a) requires municipal agencies to "permit the [public] record to be inspected and copied by any person desiring to do so[,]" unless an exception applies. No exception is apparent to the Court or the parties.

Nonetheless, review of the narrow body of caselaw that addresses the intersection of the Supremacy Clause, State public records laws, and federal court discovery orders reveals that a federal court order issued pursuant to Rule 26 to prevent the disclosure of documents renders any state statute or regulation to the contrary void pursuant to the Supremacy Clause. *See CSX Transportation, Inc. v. Fla. Dep't of Revenue*, 2006 WL 8443347, at *6 (N.D. Fla. Dec. 26, 2006) ("even if it were Florida law that discovery materials arising from this litigation are public records, if this court finds good cause, notwithstanding Florida's open records policy, and enters a protective order, the order must supersede Florida law pursuant to the Supremacy Clause.") (*citing United States v. Napper*, 694 F.Supp. 897, 901 (N.D. Ga. 1988) (relying upon the Supremacy Clause to mandate that its order supersedes any requirements placed on documents imposed by a

state court pursuant to a state public records law), *aff'd*, 887 F.2d 1528 (11th Cir. 1989)); *see also Fatemi v. White*, 2014 WL 12754937, at *2 (E.D. Ark. Mar. 27, 2014) (holding the same, noting that "the Supremacy Clause resolves the conflict between this federal law and the [Arkansas Public Records Law], which would otherwise make these materials public records").

Defendant cites *Floyd v. City of Sanibel*, 2017 WL 10441332 (M.D. 2017). In that case the court rejected a plaintiff's request for a protective order to prevent the defendant-city's disclosure of confidential information received during discovery. This Court does not read *Floyd* to hold that a federal court protective order does not preempt obligations or liability arising under the Florida Public Records Law. Instead, in *Floyd*, the court emphasized that the plaintiff failed to take "reasonable measures" to prevent disclosure to third parties. Of utmost importance, the *Floyd* court did not address the Supremacy Clause.

To the extent Defendant fears liability under the Florida Public Records Act, "the Supremacy Clause indicates an order granting discovery would bar a state suit against [a defendant for not disclosing documents in violation of a state statute]." *Orlowski v. Dominick's Finer Foods, Inc.*, 1998 WL 26171, at *1–2 (N.D. Ill. Jan. 16, 1998); *Mem'l Hosp. for McHenry Cnty. v. Shadur*, 664 F.2d 1058, 1063–64 (7th Cir. 1981) (finding that a hospital's compliance with a federal discovery order would not subject the hospital to liability under a state law because the state law was rendered void by the Supremacy Clause). In *Memorial Hospital*, the Seventh Circuit specifically rejected a party's claim that it was "on the horns of an insoluble dilemma" because a state law required disclosure of certain records and a federal discovery order prohibited that disclosure.

In any event, under Florida law, it is well-settled that if a federal statute requires particular records to be confidential, then pursuant to the Supremacy Clause, the state must keep the records

6

confidential. *State ex rel. Cummer v. Pace*, 159 So. 679 (Fla. 1935); *State v. Buenoano*, 707 So. 2d 714, 718 (Fla. 1998) ("We believe that just as the state law in *Napper*, [*supra*,] could not supersede the federal loan agreement at issue there, [the Florida Public Records Law] cannot be read to override the terms of the federal transmittal letter[.]"); *see also United States v. Harrill*, 39 F. Supp. 3d 1374, 1376 (M.D. Fla. 2014) ("Under the Supremacy Clause of the federal Constitution, where federal law mandates an action, a state law barring that action is void, and any state prosecution resulting from that action is barred.").

### III.   CONCLUSION

Accordingly, after carefully weighing the parties' respective interests for and against the imposition of a protective order, the Court finds that Plaintiffs have demonstrated good cause for a limited Protective Order which outweighs Defendant's asserted interests. A Protective Order, limited to the referenced confidential and proprietary financial discovery produced by Plaintiffs which is at issue in this Motion, is appropriate and is hereby entered. Defendant shall not produce said discovery to any third party absent prior approval of this Court. The Court notes that this Order does not extend to substantive evidence introduced on summary judgment or at trial as federal courts apply different standards to the public's right of access to the Courts depending upon whether the material produced is merely discovery material or substantive evidence.[3] This limited protective order simply protects the financial discovery at issue in this motion, which is being produced by Plaintiffs to Defendant as part of the discovery process. It does not protect substantive evidence which may be introduced at a later stage of this case. In the event that becomes an issue

---

[3] Although there is no common law right to obtain discovery material, a party that submits documents in connection with a motion for summary judgment, or in a later stage of litigation, puts the information into the public domain and triggers greater public right of access. *Alvey v. Gualtieri*, 2016 WL 4129273, at *2 (M.D. Fla. Aug. 3, 2016) (citing *Diaz-Granados v. Wright Med. Tech., Inc.*, 2016 WL 1090060, at *3 (M.D. Fla. Mar. 21, 2016)); *Regions Bank v. Kaplan*, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017).

7

at a later date, Plaintiffs may seek further relief at that time and the Court can address the issue at that time under the federal law applicable to substantive evidence.[4]

The Court therefore **GRANTS IN PART** Plaintiffs' Motion for a Protective Order [DE 52] to the extent a limited Protective Order is hereby entered preventing disclosure of the Plaintiffs' confidential and proprietary financial discovery at issue in this Motion. Defendant shall not produce to any third party the discovery at issue in this motion absent approval in advance from this Court. Plaintiffs' Motion is **DENIED IN PART** to the extent it seeks additional relief. This limited Protective Order does not apply to substantive evidence admitted at summary judgment or trial. The Court also **DENIES AS MOOT** Defendant's Motion to Compel [DE 45], and Plaintiff's Motion to Compel [DE 46] as the parties have resolved these motions among themselves and they shall comply with their agreement.[5]

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of May, 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge

---

[4] *See* footnote 3, *supra.*
[5] *See* footnote 1, *supra.*