UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81069-DIMITROULEAS/MATTHEWMAN

MATA CHORWADI, INC. D/B/A
HOMING INN, KIRIT SHAH,
and DIPIKA SHAH,

    Plaintiffs,

vs.

CITY OF BOYNTON BEACH,

    Defendant.
_____/



**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS [DE 67]
AND ORDER GRANTING DEFENSE COUNSEL'S ORE TENUS MOTION TO
COMPEL FURTHER DEPOSITION OF KIRIT SHAH**

THIS CAUSE is before the Court on Defendant's Amended Motion to Compel, Continue Certain Pre-Trial Deadlines, and for Sanctions [DE 45], and Defendant's *ore tenus* motion to compel a further deposition of Kirit Shah. This matter was referred to the undersigned by the Honorable William Dimitrouleas, United States District Judge. *See* DEs 38, 71.

Judge Dimitrouleas ruled upon Defendant's request to continue certain pre-trial deadlines and referred the remaining requests to the undersigned. *See* DE 71. Both Motions are fully briefed and otherwise are properly before the Court. The Court held a hearing via Zoom video teleconference (VTC) on June 15, 2020. At the hearing, counsel for both parties represented that the portion of the Motion seeking to compel discovery had been rendered moot by the production of all discovery sought. The sole remaining issues—Defendant's request for the imposition of sanctions, and Defendant's *ore tenus* motion to compel the further deposition of Kirit Shah—are now before the Court, and the matters are ripe for review.

### I.     Motion for Sanctions

On May 18, 2020, this Court entered a protective order stating that Plaintiffs' financial documents including bank statements, profit/loss statements, and customer identification documents produced during the discovery process shall remain confidential while in Defendant's custody or control, notwithstanding Defendant's real or perceived obligations under the Florida Public Records law. [DE 60]. The Court ordered the production of those documents. *Id*.

On May 28, 2020, Defendant filed a facially invalid motion to compel the financial documents, which did not comport with S.D.Fla.L.R. 7.1.A.3., which requires the moving party to certify that it has conferred, or made a reasonable effort to confer, with the parties affected in a good faith effort to resolve the dispute. On May 29, 2020, Plaintiffs filed a motion to stay their obligations under the protective order to produce the financial documents until the time for lodging objections to the undersigned's protective order had passed—i.e., fourteen days from the date of the protective order. [DE 62]. This motion was based upon Plaintiffs' fears that Defendant would object to the protective order, which could potentially render the financial documents susceptible to disclosure pursuant to the Florida Public Records Law. *Id*. On June 3, 2020, Defendant filed the present Motion, this time certifying that counsel had conferred on the issue. [DE 67].

In the Motion, Defendant seeks sanctions stemming from Plaintiffs' delay in complying with its obligations under the protective order to produce the financial documents. Defendant's Motion claims that it was prejudiced by Plaintiffs' delay, in that Defendant was not able to procure the services of an accountant-expert to evaluate the alleged damages evinced by Plaintiffs' financial documents. At the June 15, 2020 hearing, however, counsel for Defendant acknowledged that this prejudice was essentially cured by the extension of certain pre-trial deadlines by Judge

Dimitrouleas. *See* DE 71.[1] Defendant's counsel stated that Defendant was now seeking only an award of attorney's fees and costs.

Upon review of the Motion, response, reply, the entire docket, and counsel's arguments made at the June 15, 2020 hearing, the Court hereby Orders that the Motion for Sanctions [DE 67] is **DENIED**. The Court finds that the dispute stemmed from a lack of communication and conferral rather than a deliberate attempt to obstruct discovery. The Court also finds that under the facts of this case, an award of attorney's fees and costs would be unjust.

Counsel have displayed a troubling pattern of a lack of conferral in this case, and the Court finds such conferral would have obviated the need for the June 15, 2020 hearing, and this written order. Counsel are reminded, **<u>again</u>**, that they are under a continuing obligation regarding conferral and professionalism. *See, e.g.,* DEs 42, 66, 71 (containing three separate instructions to counsel that they shall confer in good faith prior to filing discovery motions). This is now the fourth—and last—instruction to counsel regarding their obligation to conduct this case with professionalism.

## II. *<u>Ore Tenus</u>* <u>Motion to Compel Deposition of Kirit Shah</u>

At the June 15, 2020 hearing, Defendant's counsel orally raised an additional discovery dispute and both counsel advised that further motion practice was anticipated regarding this dispute. The dispute involves Defendant's effort to take a second deposition of one of the Plaintiffs, Mr. Kirit Shah. In light of the rapidly approaching discovery cut-off date of June 26, 2020 [DE 71], the Court took argument from the parties' counsel at the June 15, 2020 hearing and ruled from the bench.

The dispute is simple. When Defendant took the deposition of Plaintiff Kirit Shah, Defendant had not yet received all the financial documents which Plaintiffs were obligated to

---

[1] Defendant's counsel advised at the hearing that Defendant has now been able to retain such expert.

produce. At the end of the deposition, Defendant's counsel stated her intent to take a continued deposition of Mr. Kirit Shah once those financial documents were fully produced. The Court notes that the financial documents are relevant to the issue of Plaintiffs' claimed damages. Those further documents have now been produced and Defendant wants to take a further, limited deposition of Mr. Shah.

Plaintiffs' counsel objects to any further deposition of Mr. Kirit Shah. She argues that Defendant could have waited to take Mr. Shah's deposition until after all financial documents were received, and that the rules do not permit a second deposition.

As the Court ruled at the June 15, 2020 hearing, Defendant shall be entitled to take a continued deposition of Mr. Kirit Shah on or before June 26, 2020. The Court exercises its discretion to allow such continued deposition in the interest of justice and fairness to the parties. Now that Plaintiffs have produced all of their financial documents to Defendant, the deposition of Mr. Shah is due to be completed. Since this deposition is limited to the issue of damages and the financial documents which have been produced by Plaintiffs, the deposition should be of short duration. The Court orders that such deposition shall not exceed one hour.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of June, 2020.

_____
WILLIAM MATTHEWMAN
United States Magistrate Judge