IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH)

Case No. 19-cv-81069-WPD/WM

MATA CHORWADI, INC. d/b/a
HOMING INN, KIRIT SHAH,
individually, and DIPIKA SHAH,
individually,

    Plaintiffs,

v.

CITY OF BOYNTON BEACH and
GREGORY CAFARO, in his
individual and Official capacities,

    Defendants.
_____/

## DEFENDANT, CITY OF BOYNTON BEACH'S REPLY MEMORANDUM TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE

COMES NOW Defendant, City of Boynton Beach (hereinafter "City") by and through its undersigned counsel and hereby files this Reply Memorandum to Plaintiffs' Response in Opposition [DE 109] to Defendant's Motion in Limine [DE 106], and states as follows:

### A.  Motion in Limine Regarding Claims of "Threats"

In response to the City's Motion in Limine to exclude any reference to supposed "threats" made to the Plaintiffs from the trial of this matter, the Plaintiffs cite to only two items in support of their opposition to the Motion in Limine. First, the Plaintiffs cite to the Notice of Hearing for the first of three hearings set before the Magistrate based upon the Plaintiffs refusal to sign the Nuisance Abatement Agreement with the City after several months of negotiations with the City. [DE 25, Exhibit "C" to Plaintiffs' Amended Complaint]. Although the Plaintiffs characterize

this Notice of Hearing as a "threat" the Notice of Hearing advised the Plaintiffs of the hearing; their right to answer to the chronic nuisance finding; and to present their case in opposition. The Notice of Hearing further advised that if the Magistrate Judge found that the Plaintiffs were in violation of the Chronic Nuisance Code, the Magistrate did have the authority to levy fines up to one thousand dollars per day. This document only provided notification to the Plaintiffs of the code provisions and is not a "threat".  As of this time, no fines have actually been imposed against the Plaintiffs.  Further, it does not even seem that the Plaintiff, Kirit Shah ever reviewed this notice.  Mr. Shah testified that he did not review the Chronic Nuisance Notice or attend the hearing and that he left it to his lawyer to handle everything.  (DE 77-2, Page26, Lines 17-23, Page 76, Lines 8-21) Thus, there was really no way that this Notice or any other action by the City was a "threat" made to these Plaintiffs with regard to their code matter.  The City would request that the Court exclude any testimony stating that this Notice of Hearing constitutes "threat" against the Plaintiffs as there is no such threat and this characterization by the Plaintiffs would be more prejudicial than probative in this matter. Obviously, the Plaintiffs would be able to introduce the Notice of Hearing at this matter and the jury would be able review the language on their own.

The Plaintiffs also cite to the deposition testimony of Officer Cafaro. Although Officer Cafaro testified that he spoke with a Clerk named Raj according to the Plaintiffs, the Plaintiffs have not presented any testimony from this individual to support these claims of any "threat" made to any front desk clerk. The only testimony is from Officer Cafaro is that did not threaten any person and from Ms. Palmer who did not even meet Officer Cafaro. The Plaintiffs simply cite to their Amended Complaint [DE 109, Page 3 of 13] to support the claims that there was an actual threat made against an employee of the hotel.

In an attempt to further support the position that the Plaintiffs felt "threatened" they cite to the language their attorney wrote on the Notice Abatement Agreement which was rejected by the Magistrate. The Magistrate rejected this language as it represented that there was no meeting of the minds and thus there would be no agreement under basic contract law. However, after this agreement was rejected, the Plaintiffs attended a full hearing and had the opportunity to hear from and cross-examine City witnesses regarding the chronic nuisance finding and present their own evidence. [DE 77-7, Page, 57, Lines 24-25 and Page 58, Lines 1-6]. At the end of that hearing, Plaintiffs' counsel agreed to sign the Nuisance Abatement Agreement on behalf of the Plaintiffs. [DE 77-7, Page 58, Lines 9-15]. As the evidence shows that the Plaintiffs voluntarily signed this Agreement their opposition on this argument fails.

The Plaintiffs also attempt to argue that there was some failure of the Magistrate to be an impartial adjudicator, or that she had an economic outcome in the litigation. However, the Plaintiffs have provided no actual evidence of this being the case in their Code matter. Although the Plaintiffs allege that the Administrative Assistant for the City typed up the Order ultimately entered by the Magistrate which held that the Plaintiffs failed to comply with the Nuisance Abatement Agreement they signed, this evidence along is not sufficient to demonstrate a "threat" to the Plaintiffs. There are numerous cases that have been previously cited to the Court where the use of a form order from a party was not found to be inappropriate where the court did not abdicate its adjudicative role. *In Re: Colony Square,* 819 F.2nd 272, 276 (11th Cir. 1987); *Anderson v. City of Bessemer North Carolina*, 105 S. Ct. at 1511 (findings adopted verbatim from litigants given full deference where the court itself provided the framework for the proposed findings); *Phillips v. Amoco Oil*, 799 F.2nd 1464, 1472 (11th Cir. 1986); *Fields v. City of Tarpons Springs*, 721 F.2nd 318, 320, 321 (11th Cir. 1983) (factual findings adopted verbatim

from litigants affirmed where the District Judge had command of the legal issues in the evidentiary proceedings and was an active arbitrator of the dispute and did not advocate his adjudicator role); *Odeco Inc. v. Avondale Shipyard Inc.*, 663 F.2nd 650, 652, 653 (5th Cir. Unit A 1981) (findings adopted verbatim from litigants given full deference where comments made in court by a judge and overall record reflects the trial court fully comprehended the factual legal issues and adequately performed the discussion reached in process).

The City's Motion in Limine addresses the claims by Plaintiffs' counsel made at hearings and arguments made in motions that the City somehow "threatened" the Plaintiffs into signing the Nuisance Abatement Agreement (which was voluntarily signed) and that Officer Cafaro somehow threatened someone from the hotel with regard to the placement of the Chronic Nuisance Notice. Because the Plaintiffs have cited to no evidence in the record demonstrating that any such threats were made, the City would request that this reference be excluded from the trial of this matter.

### B. Motion in Limine Regarding actions of Other Officers

Although the Plaintiffs assert that the Defendant's Motion does not "come close to giving a fair representation of the record" with regard to Plaintiff, Kirit Shah's deposition testimony, Mr. Shah testified that when asked whether or not the number of rounds by Boynton Beach Police Department officers have increased since the Chronic Nuisance Notice was posted or if it was the same as it was before, he testified "I cannot tell". [DE 77-2: Page 84, Line 5]. When asked also if these patrols were something that happened since the Chronic Nuisance Notice was posted or is it something that happened in the last twenty (20) years, he answered "it was happening before too". [DE 77-2: Page 84, Line 15]. Although Mr. Shah testified that there were some guests he believes were questioning about the police officers, when asked to give the name

of any of the potential guests that told him this, he could not answer the question stating "I do not have now the guests". [DE 77-2: Page 85, Line 5]. Mr. Shah could not testify that the City of Boynton Beach had been making rounds at the property in last twenty (20) years and he could not tell if the number had increased or not, and he could not provide the names of any persons who specifically felt that the police officers presents on the property deterred them from staying at the Hotel. This claim has also never been any part of the Plaintiffs' claims either in their complaint or in discovery responses. As such, the City would request that the Court grant its Motion in Limine on this issue.

### C. Motion in Limine Regarding Damages

The Plaintiffs misconstrue the City's Motion in Limine. The City's Motion in Limine does not address the actual documents produced by the Plaintiffs but, rather, the speculative testimony as to the amount of damages. The City's Motion in Limine is directed at testimony in this matter from the Plaintiffs that they "believe" that persons saw the Notice of chose not to stay at the Hotel, but they cannot provide any number as to the amount of persons that made that decision based on the Notice rather than making the decision not to stay at the Homing Inn for other reasons. [DE 77-2: Page 73, Lines 24-25; Page 74, Lines 1-2]. The City's Motion is also directed at Mr. Fisher's testimony in which he had no idea of the date when the Notice was posted at the property [DE 95-1: Page 46, Lines 23-25 and Page 47, Lines 1-4] and the fact that Mr. Fisher is only able to offer his personal opinion that if he saw the Notice he would not stay at the Hotel. [DE 95-1: Page 54, Lines 14-21 and Page 55, Lines 6-18]. Thus, because the Plaintiffs have not presented any testimony or evidence to show that these opinions are purely speculative they should be excluded.

### D. <u>Motion in Limine to Exclude Testimony of Jay Fisher</u>

The City moves in limine to exclude the legal conclusions of Mr. Fisher and his speculative testimony as to damages from the trial of this matter. Mr. Fisher could simply not provide any testimony at his deposition, testifying that he was unable to provide an amount of any decrease in revenue because he did a "real rough number calculation for 2019". [DE 95-1: Page 42, Lines 1-25]. Mr. Fisher did not consider any factors outside of the Hotel's bank statements. He did not consider whether the Homing Inn business was seasonal; whether the business had negative reviews; or whether the Homing Inn was more profitable in any of the years prior to 2019. [DE 95-1: Pages 45-46, Lines 25-13; Page 48, Lines 17-24; and Page 49, Lines 4-8]. Although the Plaintiffs agree that Mr. Fisher testified that he simply compared numbers on one document to another, the Plaintiffs do not address the issue raised by the Defendant in their Response, that these opinions are not expert opinions and that they would not be found to assist the jury in understanding the evidence in determining an issue through the application of any specialized expertise. *United States v. Frasier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Mr. Fisher's opinions offer nothing beyond the understanding of an average lay person and Mr. Fisher himself testified that an average person could make the same calculations that he did. [De 95-1: Page 43, Lines 12-22]. Because the Plaintiffs have not presented any testimony or evidence other than what the City provided showing that Mr. Fisher reached legal conclusions; engaged in speculation; and could not provide any testimony in the form of expert testimony that would assist the trier of fact regardless of his background and education; the City would request that its Motion in Limine be granted as to Mr. Fisher's testimony.

Case No. 19-cv-81069-WPD/WM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to: **Manshi Kiritkumar Shah, Esq.**, manshishah24@gmail.com, 6525 Jessy Court, Lake Worth, FL 33467 in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        Respectfully submitted,

        GOREN, CHEROF, DOODY & EZROL, P.A.
        *Attorneys for Defendants*
        3099 East Commercial Blvd., Suite 200
        Ft. Lauderdale, Florida 33308
        Phone: (954) 771-4500 / Fax: (954) 771-4923

By: */s/ Tracey A. DeCarlo*
    JAMES A. CHEROF
    Florida Bar No. 291846
    jcherof@gorencherof.com
    TRACEY A. DeCARLO
    Florida Bar No. 60259
    tdecarlo@gorencherof.com