UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:19-cv-81069-DIMITROULEAS/MATTHEWMAN

MATA CHORWADI, INC. D/B/A
HOMING INN, KIRIT SHAH,
and DIPIKA SHAH,

     Plaintiffs,

vs.

CITY OF BOYNTON BEACH,

     Defendant.

_____/

FILED BY____KJZ____D.C.

Apr 1, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S CORRECTED AND VERIFIED MOTION TO TAX COSTS [DE 118] AND DENYING PLAINTIFFS' MOTION TO STRIKE [DE 119]

**THIS CAUSE** is before the Court on the City of Boynton Beach's ("the City" or "Defendant") Verified Motion to Tax Costs [DE 117], Boynton Beach's Corrected and Verified Motion to Tax Costs [DE 118], Plaintiffs' Motion to Strike Defendant's Motion to Tax Costs and Response in Opposition to Defendant's Motion to Tax Costs [DE 119]. Of further relevance to this dispute, additional filings include the Parties' Notices at [DEs 130, 131], and the Court-ordered second round of briefing at [DEs 132, 133]. This matter was referred to the undersigned by the Honorable William Dimitrouleas, United States District Judge. *See* DE 122. This matter has been fully briefed and is ripe for review without a hearing.

## I.    Background

On November 17, 2020, the Honorable United States District Judge William Dimitrouleas granted the City's Motion for Summary Judgment which disposed of all of Plaintiffs' claims in this lawsuit. [DE 111]. On November 17, 2020, the Court entered a Final Judgment and Order

1

Closing Case in favor of the City. [DE 112].  It is undisputed that, pursuant to Federal Rule of Civil Procedure 54, the City is the prevailing party and is entitled to the seek payment from Plaintiffs for certain costs it incurred in this matter.

The City filed its Corrected and Verified Motion to Tax Costs [DE 118] on January 19, 2021.[1] The Plaintiffs oppose the City's Motion on exclusively technical grounds premised upon alleged local rules violations.  Despite an invitation by the Court to Plaintiffs to specifically object to each taxable or non-taxable cost sought by Defendant, Plaintiffs have not lodged any specific objections to any of the claimed costs. Instead, Plaintiffs have only asserted a global objection to the City's motion on the grounds that the City failed to comply with the conferral procedures listed in our Local Rules.  In order to address the merits of this dispute, the Court must begin with a short discussion of the operative Local Rules due to several inaccurate assertions regarding the same contained in Plaintiffs' briefing.

## II.    Relevant Local Rules and Law Governing Non-Taxable and Taxable Costs

S.D.Fla.L.R. 7.3 governs the procedure for filing motions that seek reimbursement for taxable and non-taxable costs (and attorney's fees) following litigation in which one side is deemed the prevailing party. The rule provides two different procedures for conferral prior to filing a motion, one procedure for non-taxable costs (and attorney's fees), and another procedure for taxable costs.[2]

---

[1] The only difference between the City's initial motion to tax costs [DE 117] and its corrected motion to tax costs [DE 118] is that the latter Motion included a Certificate of Verification. Accordingly, the Court denies as moot the City's initial motion to tax costs [DE 117] and will address the substance of the City's corrected motion to tax costs [DE 118] in this order.
[2] Attorney's fees are not at issue in this dispute; rather, only taxable and non-taxable costs are at issue.

2

### (a). Local Rule Procedure for Non-Taxable Costs (and Attorney's Fees)

Rule 7.3(a) and (b) provides the substance of, and procedure for, filing motions for

Attorneys' Fees and/or **Non-Taxable** Expenses and Costs:

> This rule provides a mechanism to assist parties in resolving attorneys fee and costs
> disputes by agreement. A motion for an award of attorneys' fees and/or non-taxable
> expenses and costs arising from the entry of a final judgment or order shall not be
> filed until a good faith effort to resolve the motion, as described in paragraph (b)
> below, has been completed.

*See* S.D.Fla. L.R. 7.3(a).  Rule 7.3(b) then provides:

> Except as to any aspect of a fee claim upon which the parties agree, a draft motion
> compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty
> (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs
> that is governed by this Local Rule.  Within twenty-one (21) days of service of the
> draft motion, the parties shall confer and attempt in good faith to agree on
> entitlement to and the amount of fees and expenses **not taxable** under 28 U.S.C. §
> 1920. The respondent shall describe in writing and with reasonable particularity
> each time entry or **nontaxable** expense to which it objects, both as to issues of
> entitlement and as to amount, and shall provide supporting legal authority. If a
> federal statute provides a deadline of fewer than sixty (60) days for a motion
> governed by Local Rule 7.3(a), the parties need not comply with this paragraph's
> requirements [emphasis added].

Thus, as is clear from the Rule's exclusive discussion of non-taxable costs, this fulsome conferral

procedure is a condition precedent to seeking an award of non-taxable costs (or attorney's fees).

### (b). Local Rule Procedure for Taxable Costs

On the other hand, regarding **taxable** costs, our Local Rules provide a different, and less

exacting, conferral procedure, as follows, per S.D.Fla.L.R. 7.3(c):

> A bill of costs pursuant to 28 U.S.C. §  1920 shall be filed and served within thirty
> (30) days of entry of final judgment or other appealable order that gives rise to a
> right to tax costs under the circumstances listed in 28 U.S.C. §  1920.  Prior to filing
> the bill of costs, the moving party shall confer with affected parties under the
> procedure  outlined  in **S.D.Fla.L.R.7.1(a)(3)** in  a  good faith effort to resolve the
> items of costs being sought.

3

*See* S.D. Fla. L.R. 7.3(c). Thus, the Court turns to Local Rule 7.1(a)(3), which provides the conferral procedure which is applicable to taxable costs:

> **Prior to filing any motion in a civil case**, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, for pro hac vice admission, or to involuntarily dismiss an action, for garnishment or other relief under Federal Rule of Civil Procedure 64, or otherwise properly filed ex parte under the Federal Rules of Civil Procedure and these Local Rules, or a petition to enforce or vacate an arbitration award, **counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute**. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all   parties or non-parties who may be affected by the  relief  sought in  the motion, which efforts shall be  identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. Failure   to comply  with  the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of  the  reasonable  expenses  incurred because  of  the  violation, including  a  reasonable attorney's fee. See forms available on the Court's website (www.flsd.uscourts.gov) [emphasis added].

Thus, there is a different, and less exacting, conferral procedure under our Local Rules for motions involving taxable costs.

### III.    <u>Analysis</u>

As is clear from the above-excerpted language, prior to filing a motion for *taxable* costs, "counsel  for  the  movant  shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be  raised  in  the  motion.

Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute." *See* S.D.Fla.L.R.7.1(a)(3). The Court observes that the above procedure for **taxable** costs is far less exacting than that provided under Rule 7.3 for motions seeking **nontaxable** costs.

This interpretation that there are two different conferral procedures in our Local Rules for non-taxable and taxable costs is based on a careful reading of the Local Rules 7.1 and 7.3, as it does not appear that there are any cases on point. However, in giving this interpretation, the Court notes that the Rules provide sound policy in the interest of judicial and attorney economy. The Local Rules are fashioned in a logical and common-sense manner taking into account the difference between taxable and non-taxable costs. The Court's experience leads it to find that entitlement to, and amounts of, *taxable* costs listed under 28 U.S.C. 1920 are typically clear, straightforward matters upon which a decision can easily be rendered without any dispute. The statute clearly lists the specific categories of costs that may be taxed by a judge or clerk of court. *See* 28 U.S.C. 1920. Therefore, a lesser standard of conferral and a less robust conferral procedure is necessary when dealing with taxable costs, because in most cases the parties can easily agree on the amount of taxable costs. Conversely, the Court's experience informs that disputes related to *non-taxable* costs are often far more nuanced, complex and hotly disputed, and therefore a more fulsome and robust conferral process is required.

Turning to the current Motion for Costs [DE 118], the Court finds that the City seeks reimbursement for both taxable and non-taxable costs. In opposition, Plaintiffs globally object to all costs sought by the City, both taxable costs and non-taxable costs, on the same failure to sufficiently confer argument. In sum, Plaintiffs assert that under our Local Rules the same conferral procedure applies equally to both taxable and non-taxable costs, that Defendant failed to

properly confer, and therefore Defendant should be awarded no costs. On the other hand, Defendant asserts that it did not comply with the letter of the Local Rules as to the fulsome conferral procedure but did comply with the spirit of the Rules and therefore it should be awarded both taxable and non-taxable costs.

The Court finds that the Plaintiffs and Defendant are equally wrong in their *all or nothing* approach. Neither Plaintiffs nor Defendant, in all their many filings as to costs, adequately address the differing conferral requirements and procedure for taxable and non-taxable costs under our Local Rules. Further, even when ordered to confer by this Court, it seems that the parties' counsel could not get along, could not cooperate, and could not see the forest for the trees.[3]

(a). <u>Defendant is not entitled to an award of Non-Taxable Costs:</u>

Based upon the foregoing, the Court rules as follows. As to ***non-taxable*** costs, Defendant admittedly did not comply with the clear conferral procedure for seeking non-taxable costs set forth in S.D.Fla.L.R. 7.3(b). That procedure is strict and fulsome, and by failing to follow the specified conferral procedure, Defendant's request for non-taxable costs is doomed to fail. The Court will not excuse Defendant's failure to comply with S.D.Fla.L.R. 7.3(b). Accordingly, as the City failed to comply with the applicable conferral procedure related to non-taxable costs, its request for non-taxable costs is **DENIED**.

(b). <u>Defendant is entitled to an award of Taxable Costs:</u>

However, the City also seeks an award of ***taxable*** costs based upon its status as a prevailing party. Such taxable costs are clearly authorized by 28 U.S.C. §1920, which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

---

[3] This lack of cooperation and conferral among the parties' counsel has unfortunately been a problem throughout this case. *See* Order at DE 75. The pending silly and unnecessary dispute over costs is no exception.

6

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiffs object globally to this request for *taxable* costs, falling back on its flawed argument that the City failed to follow the more robust conferral procedure that is a prerequisite to filing a motion for *non-taxable* costs. Plaintiffs improperly lump both taxable and non-taxable costs together, and cite caselaw which is inapplicable to the issue of taxable costs.  For example, Plaintiff cites *Norych v. Admiral Ins. Co.,* No. 08–60330–CIV, 2010 WL 2557502, at *1 (S.D. Fla. June 23, 2010) at great length; however, that case deals with a motion for attorneys' fees which is not governed by the rule on taxable costs. The case law submitted by Plaintiff's counsel is misguided and simply has no applicability to disputes involving taxable costs.

As the Court explained above, the Local Rules establish two different procedures for conferring prior to filing a motion for costs, depending upon whether the costs sought are taxable or non-taxable.  The only conferral required before filing a motion for the reimbursement of taxable costs is contained in S.D.Fla.L.R.7.1(a)(3). That Rule requires counsel for the movant seeking taxable costs to confer or make a reasonable effort to confer in good faith with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Under the facts in this case, as detailed in the City's Corrected Motion [DE 118, para. 11], as well as in the City's and Plaintiffs' Notices and certificates of conferral, *see* [DEs 125, 130, 131, 133], the Court finds that the City sufficiently followed the applicable conferral procedure required for taxable costs.

Moreover, it seems that Plaintiffs' counsel may have stymied any good faith effort to confer on taxable costs. Plaintiffs' counsel cannot refuse to confer on taxable costs, and then claim failure to confer as a defense to an award of taxable costs. Plaintiffs' counsel's choice to elevate form over substance by objecting globally to all of Defendant's taxable costs fails. Lawyers are officers of the court and are expected to cooperate and confer in good faith during litigation. It seems clear to the Court that Plaintiffs' counsel simply refuses to address in good faith any of the specific taxable costs sought by Defendant and instead seeks to avoid all taxable costs owed by Plaintiffs via a non-meritorious, hyper-technical argument.

Further, Plaintiffs' refusal to state any specific objections to the taxable costs sought by Defendant, even after being instructed that it should do so by the Court, *see* DE 117, constitutes a waiver of any specific objections to taxable costs. Taxable costs are required by statute, 28 U.S.C. § 1920, and Plaintiffs cannot escape their obligation to pay Defendant's taxable costs with a frivolous, hyper-technical, form over substance argument which they have asserted here.

After careful review of all of the taxable costs listed in the City's Motion, the Court hereby finds that all of the taxable costs sought by Defendant are reasonable and proper. Plaintiffs have waived any specific objections to individual items of taxable costs sought in the City's Corrected Motion by simply restating its global argument that the City's motion as a whole is procedurally inadequate.

## IV.   <u>CONCLUSION</u>

The City's Corrected Motion [DE 118] is therefore **GRANTED** to the extent that it seeks an award of taxable costs in the amount of $17,245.04 for monies expended on Transcripts, Copies, and Experts as specified in the City's Corrected Motion [DE 118].  Pursuant to 28 U.S.C. 1920, said taxable costs are hereby taxed against all Plaintiffs, jointly and severally. The Plaintiffs, **Mata**

**Chorwadi, Inc.,** d/b/a Homing Inn, **Kirit Shah**, and **Dipka Shah**, are hereby **ORDERED** to pay the sum of $17,245.04 to Defendant within 20 days of the date of this Order. Payment shall be made to the Trust Account of Defendant's counsel. Should Plaintiffs fail to make timely payment of the $17,245.04 in taxable costs due, Defendant shall promptly file a motion seeking entry of a judgment in that amount against Plaintiffs, jointly and severally, with statutory interest, supported by an Affidavit or Declaration attesting to the non-payment.

The Court **DENIES** the Defendant's Motion to the extent that it seeks an award of non-taxable costs. Defendant's failure to follow the strict conferral procedures for non-taxable costs specified in Local Rule 7.1 requires that Defendant's request for non-taxable costs be **DENIED**.

To the extent that Plaintiffs purportedly attempted to include a Motion to Strike in their response to Defendant's Motion to Tax Costs, the Court **DENIES** Plaintiffs' Motion to Strike [DE 119] as non-meritorious and moot.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of April 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge

9